PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, CA 91367
Telephone: (818) 883-4900
Fax:          (818) 883-4902
Email:       peter@dion-kindemlaw.com

Attorneys for Plaintiff Barry Rosen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Barry Rosen,<br><br>    Plaintiff,<br><br>    vs.<br><br>eBay, Inc., and Does 1 through 10,<br><br>    Defendants. | **Case No.**<br>**Complaint for Copyright Infringement**<br><br>**Demand for Jury Trial** |
|---|---|

Plaintiff Barry Rosen ("Plaintiff") alleges:

### Jurisdiction and Venue

1. ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Complaint for Copyright Infringement**

2. **Venue.** Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c), and Section 1400(a).

3. **Personal Jurisdiction.** Personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of Los Angeles. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State, *i.e.*, Defendants caused the infringing images to be distributed to and displayed in Los Angeles County to thousands of persons.

4. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

5. Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in

**Complaint for Copyright Infringement**

furtherance of such conspiracy. Defendants aided and abetted each other in the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

**First Claim for Relief for Copyright Infringement**
**(Against All Defendants)**

6. Plaintiff realleges the preceding paragraphs.

7. Plaintiff is a photographer. Plaintiff created the photographs identified below ("Photographs") by subject, registration number and registration title. Each of the Photographs consists of material original with Plaintiff and each is copyrightable subject matter. Plaintiff is the owner of all right, title, and interest in and to each of the Photographs. Plaintiff has registered the copyrights for the Photographs and has been issued Certificates of Registration.

8. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. § 106(1), (3), and (5).)

9. Defendant eBay, Inc. ("eBay") is a company headquartered in California that provides a venue that is a marketplace for internet sales and auctions.

**Defendants' Infringing Activities**

10. Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photographs on the websites ebay.com, ebayimg.com, ebaystatic.com and on the website of its business partner Terapeak

(Terapeak.com) via a licensing agreement/arrangement along with other associated websites. Details of the infringements are set forth below.

**Ali Landry, Registration No.VA 1-230-922 "Published Works 1999 Pt 1"**
**Ali Landry, Registration No. VAu660-263 "Ali Landry"**
**Ali Landry, Registration No. VAu660-263 "Ali Landry"**

11. On or about June 22, 2016, Rosen discovered that an eBay seller using the name/handle "halidoncorporation" had made and posted unauthorized copies of three of Rosen's Ali Landry photographs on ebay.com. Rosen reported the three separate infringements/infringing activities to eBay. (See Exhibits 1,2 and 3.)

12. Although eBay purportedly removed the infringing listing(s) from being accessible to the public, Rosen is aware that eBay failed to delete or remove access to the listing data and infringing images from its servers. Because it failed to fully remove both listing data and the images from its servers, eBay knowingly licensed or otherwise provided both the infringing images and listing data to Terapeak even though it had actual knowledge of the infringing activity by virtue of Rosen's having reported the infringing activities.

13. On or about December 6, 2016, Rosen discovered the listing data and the infringing image(s) from the June 22, 2016 eBay listing(s) were being displayed on Terapeak's website terapeak.com. (See Exhibits 4, 5 and 6.)

**Amy Weber, Registration No. VAu653-336 "Amy Weber (Unpublished 2)"**
**Amy Weber, Registration No.  VA 1-230-923 "Published Works 2002 Pt 1"**
**Amy Weber, Registration No.  VA 1-230-923 "Published Works 2002 Pt 1"**
**Amy Weber, Registration No.  VA 1-230-923 "Published Works 2002 Pt 1"**
**Amy Weber, Registration No.  VA 1-230-937 "Published Works 1996 Pt 1"**

14. On or about August 17, 2016, Rosen discovered that an eBay seller using the name/handle "halidoncorporation" had made and posted and unauthorized copies

Complaint for Copyright Infringement

4

of five of Rosen's Amy Weber photographs on ebay.com. Rosen reported the five separate infringements/infringing activities to eBay. (See Exhibits 7, 8, 9, 10 and 11)

15. Although eBay purportedly removed the infringing listing(s) from being accessible to the public, Rosen is aware that eBay failed to delete or remove access to the listing data and infringing images from its servers. Because it failed to fully remove both listing data and the images from its servers, eBay knowingly licensed or otherwise provided both the infringing images and listing data to Terapeak even though it had actual knowledge of the infringing activity by virtue of Rosen's having reported the infringing activities.

16. On or about December 5, 2016, Rosen discovered listing data and images from the August 17, 2016 eBay listing being displayed on Terapeak's website terapeak.com. (See Exhibits 12, 13, 14, 15 and 16)

**Charisma Carpenter, Registration No. VAu660-265 "Charisma Carpenter"**
**Charisma Carpenter, Registration No. VAu660-265 "Charisma Carpenter" (x2)**

17. On or about September 1, 2016, Rosen discovered that an eBay seller using the name/handle "halidoncorporation" had made and posted and unauthorized copies of two of Rosen's Charisma Carpenter photographs in three separate listings on ebay.com. Rosen reported the two separate infringements/infringing activities in three separate listings to eBay. (See Exhibit 17, 18, and 19)

18. Although eBay purportedly removed the infringing listing(s) from being accessible to the public, Rosen is aware that eBay failed to delete or remove access to the listing data and infringing images from its servers.

19. On or about December 6, 2016, Rosen also discovered the image(s) from September 1, 2016 eBay listing(s) still being displayed or otherwise residing on eBay's servers/websites ebayimg.com and ebaystatic.com. (See Exhibits 20, 21, 22 and 23)

Complaint for Copyright Infringement

5

20. eBay had either actual or constructive ("red flag") knowledge of the infringing activities by halidoncorporation prior to the infringement of Rosen's photograph(s), but failed to take appropriate actions to terminate the seller pursuant to its obligations under the DMCA, *inter alia.*

21. Such conduct constitutes direct infringement of Plaintiff's exclusive rights of copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. 106 and 501.

22. Defendants have engaged and continue to engage in the business of inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or distribution of copies of the Photographs.

23. Plaintiff gave notice to Defendant eBay of the infringing activity that was occurring on the ebay.com website, but eBay did not thereafter take simple measures available to it to prevent the infringing activity and/or refused to take any action to remove access to or delete the infringing activity and/or images.

24. Defendants enabled, induced, facilitated, and/or materially contributed to each act of infringement by infringing users. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106, 109 and 501 of the Copyright Act, 17 U.S.C. 106, 109 and 501.

25. Defendants have and have had the right and ability to control the infringing conduct alleged above. Defendants have derived, or have continuously attempted to derive, a direct financial benefit from the infringing use of the Photographs. As a direct and proximate result of Defendants' failure and refusal to control, prevent and/or remove the infringing activity, Defendants have infringed Plaintiffs' copyrights in the Photographs as set forth above. Defendants' conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright

Act, 17 U.S.C. 106 and 501.

26. Because Defendants have received a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity, Defendants are not entitled to any DMCA safe harbor pursuant to Section 512 of the Copyright Act, 17 U.S.C. Section 512.

27. Defendants' acts of infringement were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew or recklessly failed to know that they did not have the right to use the Photographs in the manner in which they used the Photographs and intentionally failed to take simple measures that were available to them to stop the infringing activity.

28. As a direct and proximate result Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

29. Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

30. Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For Plaintiff's actual damages.
2. For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.
3. For statutory damages under the Copyright Act.
4. For prejudgment interest.
5. For attorneys fees and costs.

**Complaint for Copyright Infringement**

6. For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

   a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

   b. the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photographs.

7. For such other and further relief as this Court deems just and appropriate.

Dated: December 12, 2016     THE DION-KINDEM LAW FIRM

BY: _____
PETER R. DION-KINDEM, P.C.
PETER R. DION-KINDEM
Attorneys for Plaintiff Barry Rosen

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Dated: December 12, 2016     THE DION-KINDEM LAW FIRM

BY: _____
    PETER R. DION-KINDEM, P.C.
    PETER R. DION-KINDEM
    Attorneys for Plaintiff Barry Rosen